**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TUY-CUX DIEGO, | Case No. ED CV 26-2104 FMO (SSC) |
| Petitioner, | |
| v. | **ORDER ACCEPTING IN PART THE FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE** |
| J. JOHNSON, Facility Administrator of Adelanto ICE Processing Center, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636 and General Order 05-07, the Court has reviewed <u>de novo</u> all the briefing related to the Petition and the Magistrate Judge's Report and Recommendation (Dkt. 20, "R&R"), which recommends granting the Petition and ordering petitioner's "immediate release from Respondents' custody unless <u>within seven calendar days from any order granting such</u>, Respondents provide a bond hearing" that satisfies certain conditions. (See <u>id.</u> at 7) (emphasis in original). The Magistrate Judge also recommends that respondents "lodge with the Court a transcript or audio recording of any bond hearing[.]" (<u>Id.</u>).

The Magistrate Judge recommends a conditional order of release in part because "the parties apparently agree that Petitioner is entitled to a bond hearing[.]" (See Dkt. 20, R&R at 6). However, petitioner sought a bond hearing only in the alternative to his immediate release. (See Dkt. 19, Reply at 7). As the Magistrate Judge notes, petitioner contends that "his immediate release is the appropriate relief because '[a] future bond hearing does not cure the violation of

Petitioner's due process rights nor does it moot Petitioner's request for immediate release from custody.'" (Dkt. 20, R&R at 6) (quoting Dkt. 19, Reply at 6).  The court agrees with petitioner.

The Magistrate Judge's recommendation of a bond hearing constitutes post-deprivation relief, "which has no bearing on whether Respondents provided the requisite pre-deprivation relief."  Baran v. Bowen, 2026 WL 1048225, *3 (C.D. Cal. 2026); see, e.g., Chicoze-Ezechi v. Noem, 2026 WL 265733, *2 (W.D. Wash. 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty."); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985) ("[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant [protected] interest.") (internal quotation marks omitted).  In other words, "Petitioner's receipt of a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections[,]" Baran, 2026 WL 1048225, at *3, and therefore immediate release is warranted.[1]

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1.  The Magistrate Judge's findings, conclusions, and recommendations are accepted, except as set forth below.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 11)** is **granted in part** as set forth in this Order.  The Petition is granted as to petitioner's procedural due process claim.

3. Petitioner's Ex Parte Motion for Temporary Restraining Order **(Document No. 12)** is **denied as moot**.

4. Respondents shall release petitioner Tuy-Cux Diego (A# 246-060-923) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation.  Respondents shall not impose any release restrictions (e.g., electronic

---

[1] Because the court is ordering petitioner's immediate release, respondents' objection to the Magistrate Judge's recommendation that they lodge a transcript or audio recording of the bond hearing with the court is moot.  (See Dkt. 22, Respondents' Limited Objection to R&R at 2).

monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

5.  Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

6. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge.  Petitioner shall not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community.  If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

7.  Judgment shall be entered accordingly.

Dated this 11th day of June, 2026.

/s/
Fernando M. Olguin
United States District Judge